In the Matter of the Estate of NETTIE E. O'CONNOR, Deceased. MINNIE OSTERHOUDT, Appellant; HARRY E. O'CONNOR, as Executor of EDWARD D. O'CONNOR, Deceased, Respondent.— Appeal from an order of the Surrogate's Court of Ulster County, which granted a motion made by Harry E. O'Connor as executor of the estate of Edward D. O'Connor, and vacated and set aside the service of a citation upon the said Harry E. O'Connor as executor, and directed the petitioner to file a new petition for letters of administration omitting therefrom the allegation that the estate of Nettie E. O'Connor is a creditor of the estate of Edward D.

O'Connor. The petitioner, Minnie Osterhoudt, has petitioned the Surrogate's Court of Ulster County for letters of administration in the estate of Nettie E. O'Connor, deceased, alleging that petitioner is a niece and creditor of decedent, and listing only Harry E. O'Connor and Mervin D. O'Connor, sons of decedent, as distributees of decedent. The petition alleges that the decedent is a creditor of the estate of Edward D. O'Connor, and that the alleged claim against such estate is the only asset of Nettie E. O'Connor, deceased. In addition to those having a prior or equal right to letters of administration, a citation has been issued and served upon Harry E. O'Connor as executor of the estate of Edward D. O'Connor. As such executor he is not a person who must be served with citation under section 120 of the Surrogate's Court Act, and he is not " a person interested " in the estate who may be served with citation under section 314 (subd. 10) of the Surrogate's Court Act. It follows that the Surrogate correctly vacated and set aside the service of the citation upon him as such executor because he was misjoined as a party. Since he is no longer a party to the proceeding, he has no standing to question the contents of the petition. Moreover, it may be appropriate to allege that the decedent, Nettie E. O'Connor, has a claim as a creditor against the estate of Edward D. O'Connor, in order to show that there is an alleged asset to be administered. The allegations in this respect should not have been disturbed. Order and decree is modified by reversing that part thereof which directs the petitioner to file a new petition omitting certain allegations, and, as so modified, is affirmed, without costs. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.